IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>CELZO ARSIDES ROMERO AVILA,<br><br>*Defendant.* | DOCKET NO. 3:24CR-192<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

## INTRODUCTION

This memorandum is submitted on behalf of Celzo Arsides Romero Avila, who has pled guilty to one count of illegal reentry of a previously deported alien under 8 U.S.C. § 1326(a) and (b)(1). We respectfully request that the Court impose a custodial sentence of time served. This recommendation is supported by Mr. Romero Avila's acceptance of responsibility, mitigating personal circumstances, and the need to avoid unwarranted sentencing disparities.

## STATEMENT OF FACTS

Mr. Romero Avila, a 44-year-old Honduran national, was arrested on August 20, 2024, and has been in continuous federal custody since that date. He pled guilty to the offense of illegal reentry on November 15, 2024, without a plea agreement. His criminal history includes prior convictions for illegal reentry and misdemeanor offenses, but he has demonstrated acceptance of responsibility for his actions in this case. Mr. Romero Avila has a minor child residing in the United States but has a strong desire to support his family while avoiding future violations of law. In fact, he has no desire to return to the United States after he is deported. He intends to

travel and work in El Salvador, where the economy is better than in Honduras. He has no intention of returning to the United States.

## LEGAL STANDARDS AND RULES

The Court has discretion to impose a sentence below the statutory minimum if the defendant provides substantial assistance or if mitigating circumstances warrant such a departure. The U.S. Sentencing Guidelines require the Court to consider factors such as the nature of the offense, the defendant's history and characteristics, and the need to avoid unwarranted sentencing disparities. *United States v. Lymas*, 781 F.3d 106 (4th Cir. 2015), *United States v. Zuk*, 874 F.3d 398 (4th Cir. 2017). Sentences must be based on objective factors supported by reliable evidence.

A reduction in offense level is warranted when a defendant clearly demonstrates acceptance of responsibility through acts and statements. *United States v. Mangual*, 278 Fed. Appx. 267 (4th Cir. 2008), *United States v. Moore*, 681 Fed. Appx. 241 (4th Cir. 2017). The Court also may consider mitigating factors, including time served in state and immigration custody that may not be credited to the federal sentence, as well as the defendant's background and conduct pursuant to 18 U.S.C. § 3553(a).

## ANALYSIS

### 1. Acceptance of Responsibility

Mr. Romero Avila has demonstrated acceptance of responsibility by voluntarily pleading guilty and sparing the parties an unnecessary trial. The PSR anticipates that he receive a two-level reduction in his offense level because of this (PSR Para. 20).

## 2. Mitigating Factors

Mr. Romero Avila's personal circumstances, including his role as a father and his efforts to support his extended family, weigh in favor of a downward variance. Additionally, he has already served significant time in federal custody – over 11 months at the time of sentencing -- since his arrest on August 20, 2024.

If the Court were to sentence Mr. Romero Avila to a 15-month sentence, he would have to wait to be designated by the Bureau of Prisons and his good-time credits would need to be calculated. If he were to receive these credits, his sentence would be 12.75 months out of a 15-month sentence. He then would have to further wait to be processed by immigration authorities and deported back to Honduras. Because of this, a time-served sentence in this case would be practically very close to the sentencing guidelines.

The Court should also consider that Mr. Romero Avila is a father to a young daughter, moved here to escape gang violence in his native country, and that his own father was murdered when he was only four years old. All these attributes work in favor of a lesser sentence in this case.

## 3. Avoiding Sentencing Disparities

Imposing a time-served sentence also would align with the principle of avoiding unwarranted sentencing disparities among similarly situated defendants. Mr. Romero Avila's criminal history and the non-violent nature of his offense suggest that a sentence within the guideline range of 15 to 21 months would be unduly lengthy and harsh.

Furthermore, a guideline sentence would only cost taxpayers more money and not really

achieve any punitive or rehabilitative goal. Notably, paragraph 66 of the PSR states that incarceration costs the government $49,700 per year per inmate. Any more custodial time here would cost the government more money for no substantial benefit.

**4. Public Safety and Recidivism**

Mr. Romero Avila's prior convictions, while relevant to the Court's consideration, do not indicate a pattern of violent behavior. His time in custody has provided an opportunity for reflection and he will express in his allocution to complying with immigration laws in the future. A time-served sentence would adequately serve the goals of deterrence and rehabilitation without imposing undue hardship on him or the government.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court impose a sentence of time served. Such a sentence is consistent with the applicable legal standards, reflects Mr. Romero Avila/s acceptance of responsibility, and accounts for the mitigating circumstances of his case.

Mr. Romero Avila will again accept responsibility at his sentencing hearing during his allocution.

Respectfully submitted:

s/ Steven Slawinski
Steven Slawinski NC
Bar No. 38956
Federal Defender's Office of
Western North Carolina
129 West Trade Street, Suite 300

Charlotte, NC  28202  
(704) 374-0720  
(704) 374-0722 Fax  
Steven_slawinski@fd.org

DATE:  June 25, 2025